# Bechtel's Appeal.

1. A demand of appraisement on one execution, will not apply to a subsequent writ on a different judgment.

2. A writ is to be executed according to its exigency, unless an appraisement be demanded; and a demand on a former writ, which has been stayed, is not sufficient.

3. Where several writs are in the sheriff's hands at the same time, one demand is sufficient as against them all, but the rule is different, as to successive writs.

APPEAL, by Polly Bechtel, from the decree of the Court of Common Pleas of *Berks county*, distributing the proceeds of the real estate of her husband, George S. Bechtel.

The facts of the case appear in the following report of A. L. Hennershotz, Esq., commissioner:—

[Bechtel's Appeal.]

"It appeared before the commissioner, that Gerhard S. Bechtel left the State some time in the spring, 1857, and has not been here since. Whether he left with the intention of remaining away was not made to appear. His wife remained and continued to reside on the premises, when the *fi. fa.* was issued to August Term, 1857, No. 38, on the judgment of John Sassaman against Gerhard S. Bechtel. Mrs. Bechtel, his wife, claimed the benefit of the exemption law, and there being no personal property, the appraisers valued the real estate, and determined that the same could not be divided without injury to, or spoiling the whole. No further proceedings were had upon this judgment. A *fi. fa.* was issued to November Term, 1857, No. 108, on the judgment of John Sheirer against Gerhard S. Bechtel; the return to this *fi. fa.* is "levied on real estate, and condemned as per inquisition annexed;" and subsequently, a *vend. exp.* was issued to January Term, 1858, No. 29, the property sold, and money in court realized. Mrs. Bechtel, the wife, now claimed the right to take out of the money in court the sum of $300, under the exemption law. This is objected to by Jacob S. Livingood, Esq., attorney, who appears before the commissioner, and represented the judgments Nos. 62, 63, 64, November Term, 1857, and numbered in the preceding statement, No. 54, 55, 56. The wife of a defendant in execution, who happens to be absent and out of the State on business, or otherwise, should be entitled, when the officer comes with the execution, to make a levy and sale, to claim the right of the exemption law, and if this was the only question in this matter, your commissioner would allow the same to her, but the difficulty is, that she did not follow up her claim, under the execution upon which the property was condemned and sold, and therefore has lost her right to claim the same out of the money now in court."

To the confirmation of which, Polly Bechtel excepted, for the reason that the commissioner refused to allow her $300.

The court, JONES, J., overruled the exceptions, and confirmed the report, and this is the error here complained of.

*Hagenman*, for appellant.—1. The appellant complied with the Act of 1849, by claiming the benefit of the $300, and the appraisers determined against a division of the property, which determination was regularly returned to the court, and therefore the land having afterwards been sold, appellant is entitled to have $300 out of the purchase-money. Act of 1849, Purdon's Digest.

2. It was not necessary for the appellant to repeat her application for the benefit of the Act of 1849. Having once made it to the same sheriff, it was sufficient, otherwise she might be harassed out of it by being compelled to make it fifty-seven

[Bechtel's Appeal.]

times, as there are so many judgments of record against said Gerhard S. Bechtel.

3. As but one condemnation was necessary to enable the sheriff to sell the lands, so but one appraisement was necessary to ascertain whether the wife should have land or money for the support and comfort of herself and family.   *M'Cormick* v. *Meason*, 1 S. & R. 98; Act of 13th June, 1836, § 20; *Hanly.* v. *O'Donnell*, 15 Leg. Int. 77; *Hill's Appeal*, Pittsburgh Leg. Jour.

*Livingood* and *Banks*, for appellee.—Two questions arise in this case, under the Act of the 9th of April, 1849, exempting property, to the value of $300, from levy and sale on execution.

1. Whether the wife, in the absence, and without the express authority of her husband, can make a valid demand of exemption of property from levy and sale, under said act, *for herself*.

2. Whether the debtor must claim the privilege given by this law, as often as an execution issues, and is levied upon his property.   *Yelverton* v. *Burton*, 2 Casey, 351.

It appears from the adjudged cases bearing on this question, that the officer making the levy is not bound to have an appraisement, unless the debtor requests it.   He can proceed at once, by advertising the property, and make a sale, when the debtor makes no request that an appraisement should be made.   It is a privilege which the law has given a debtor, which he may waive if he chooses.   This he can do by his silence as well as by a direct and positive waiver.   *Winchester* v. *Costello*, 2 Parson's Sel. Eq. Cas. 283.

The omission of a debtor to give notice *before the sale of his real estate*, of his claim to property to the value of $300, under the Act of 9th April, 1849, will be a bar to his claim to that amount of money, out of the proceeds of the sale. *Miller's Appeal*, 4 Harris, 301; *Weaver's Appeal*, 6 Id. 309; *Brant's Appeal*, 8 Id. 143; *Dodson's Appeal*, 1 Casey, 233.

The opinion of the court was delivered May 27, 1858, by

WOODWARD, J.—If it be taken for granted, that a married woman is competent, in the absence of her husband, to demand the benefit of the exemption law of 1849, and to bring a case into this court, by way of appeal, we reach the only other question in this case, and that must be ruled against the appellant, not only on the reason of the law, but on the authority of *Dodson's Appeal*, 1 Casey, 233.

That a demand of appraisement on one execution will not apply to a subsequent writ, on a different judgment, is distinctly ruled in that case.   And it must be so.   The exemption provided by law, is an offer to the defendant, which he may secure by the

asking; but neither the plaintiff nor the officer are required to anticipate his demand. The writ is to be executed according to its exigency, unless the exemption be demanded. And a demand on a former writ, which has been stayed, is no more a reason for not executing the present writ, than payment of the former writ would be, or anything else which may have been done under it.

Where several writs are in the sheriff's hands, at the same time, one demand is sufficient as against them all, but the rule is not so as to successive writs.

The decree is affirmed.